UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNA BUEHLER,

                  Plaintiff,

      v.

NATIONSTAR MORTAGE LLC et al.,

                  Defendants.

CASE NO. 3:24-cv-05759-DGE

ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 53)

Before the Court is Plaintiff's motion for a stay on foreclosure and extension of time to set a trial date. (Dkt. No. 53.) Plaintiff first requests the Court "enter an Order staying the Foreclosure Sale the defendants have presently scheduled to be held on April 24." (*Id*. at 4.) Second, Plaintiff requests the Court "allow an extension of the time to either set a trial date or resolve this matter for an additional 60 days, or until May 30." (*Id*.) Counsel for Plaintiff identifies that she has been caring for a relative from March 5 to April 5. (*Id*. at 3–4.) She herself was also ill in March. (*Id*. at 3.) She requests relief because she has "only been

ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 53) - 1

plaintiff's counsel of record since February 3, and [has] lost almost 30 days of the time since then to my family emergency." (*Id*. at 4.)

Defendants oppose Plaintiff's request for a stay on the foreclosure sale scheduled for April 24 and motion for extension of time. (Dkt. No. 54.) Defendants argue Washington law provides that the only way to restrain a nonjudicial foreclosure sale is identified in Washington Revised Code § 61.24.130. (*Id*. at 3–4.) Because Plaintiff has not complied with section 61.24.130, Defendants argue, she is necessarily barred from forestalling the foreclosure sale scheduled for April 24. (*Id*.) Defendants move to limit any continuance to reach resolution or set a trial date to thirty days. (*Id*. at 6.)

Plaintiff did not file a reply addressing Defendants' arguments. Pursuant to Revised Washington Code § 61.24.130(1), "[t]he court shall require as a condition of granting [an order restraining a trustee's sale] that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." Plaintiff did not comply with this condition nor has Plaintiff identified any legal authority to restrain the trustee's sale.

Accordingly, the Court finds and ORDERS that:

1. Plaintiff's motion for a stay enjoining the April 24 foreclosure sale is DENIED.

2. Plaintiff's motion for an extension of time to either resolve this matter or propose trial dates is GRANTED IN PART and DENIED IN PART. The Court GRANTS the Parties until **May 29, 2026** to either resolve this matter or propose trial dates. The Parties shall submit a joint status report no later than **May 29, 2026** either indicating the resolution of this matter or proposing trial dates.

ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 53) - 2

Dated this 13th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 53) - 3