UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA BUEHLER,<br><br>               Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTAGE LLC et al.,<br><br>               Defendants. | CASE NO. 3:24-cv-05759-DGE<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 64) |

This matter is before the Court on Defendant's motion for leave to file a second motion for summary judgment. (Dkt. No. 64.)[1][2]

## I      BACKGROUND

A December 13, 2024 scheduling order set the deadline for dispositive motions as August 18, 2025. (Dkt. No. 24.) Trial was initially set for December 15, 2025. (*Id*.) Defendants moved for summary judgment on August 12, 2025. (Dkt. No. 31.) On October 14, 2025, the Court

---

[1] Plaintiff's motion for relief from judgment (Dkt. No. 58) is also pending before the Court.

[2] While Defendants have not yet filed a reply, the Court finds for purposes of judicial efficiency, it is appropriate to rule on this motion now.

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 64) - 1

granted in part and denied in part Defendants' motion for summary judgment.  (Dkt. No. 44.) The two issues remaining after the Court's Order on Defendant's motion for summary judgment were (1) whether Defendants 2013 Notice of Default complies with statutory requirements and (2) whether Defendants improperly charged Plaintiff $2,681.91 for interest allegedly incurred prior to April 1, 2012.  (*Id.*)

Since then, Plaintiff's original counsel withdrew from this case.  (*See* Dkt. Nos. 42, 47.) The Court struck the original December 15, 2025 trial date (Dkt. No. 47) and trial was rescheduled for September 14, 2026 (Dkt. No. 60).

On June 26, 2026, Defendants moved for leave to file a second amended complaint. (Dkt. No. 64.)  Defendants argue they have "issued a New Notice of Default that complies with Washington law and permanently waived the only disputed charge, resolving the two narrow issues the Court identified as remaining."  (*Id*. at 1.)

Plaintiff opposes the motion, arguing that Defendants have not acted diligently because they did not file a new Notice of Default for a month after the Court issued its Order, did not waive the $2,681.91 charge until May 2026, and did not credit the uncapitalized interest until June 2026.  (Dkt. No. 61 at 1–2.)

## II    ANALYSIS

"The decision to modify a scheduling order is within the broad discretion of the district court," and the Court may do so on a showing of good cause.  *White v. Ethicon, Inc.*, No. C20-952 BHS, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022); Fed. R. Civ. P. 16(b)(4); *see also* LCR 16(b)(6).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 64) - 2

The Court finds good cause to modify the scheduling order. The Court cannot find that Defendants were untimely in their actions, particularly given that Plaintiff did not have a counsel of record from October 30, 2025 to February 4, 2026 (Dkt. Nos. 47, 50) and Plaintiff's counsel was out-of-state from March 5 to April 5 (Dkt. No. 53-1). Moreover, permitting Defendants to file a second motion for summary judgment is appropriate here as this motion may be able to resolve the issues pending before the Court. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) ("[A]llowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits."); *see also Silva v. Bacon*, C19-619-RAJ-MLP, 2021 WL 673562, at *2 (W.D. Wash. Feb. 22, 2021) (granting leave to file a second motion for summary judgment "[b]ecause permitting Defendant to file a successive summary judgment motion would allow the Court to address issues it did not previously reach, and because it could potentially save all concerned the far greater expense of a trial"); *Mounce v. USAA General Indemnity Co.*, NO. 2:22-cv-1720, 2024 WL 4212930, at *1 (W.D. Wash. Sept. 17, 2024) (granting a motion for leave to file a second motion for summary judgment where the second motion appears to be on "slightly different grounds" than the first and not "patently frivolous").

Thus, the Court finds good cause to amend the scheduling order and permit Defendants leave to file a second motion for summary judgment.

### III    ORDER

For the reasons identified herein, the Court grants Defendants' motion for leave to file a second motion for summary judgment (Dkt. No. 64.) Defendants shall file their second motion for summary judgment no later than **Friday, July 17, 2026**.

Dated this 13th day of July, 2026.

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 64) - 3

David G. Estudillo
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 64) - 4